IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:21cr139 (DJN)

LLOYD EUGENE RHODES, II,
   Petitioner.

MEMORANDUM OPINION

Lloyd Eugene Rhodes, a federal inmate proceeding *pro se*, filed this 28 U.S.C. § 2255 Motion to vacate, set aside or correct his sentence. ("§ 2255 Motion," ECF No. 39.) Rhodes contends that he is entitled to relief upon the following grounds:[1]

| | |
|---|---|
| Claim One | Petitioner's sentence on Count Two "exceeds the statutory maximum of 10 years." (*Id.* at 4.) |
| Claim Two | "Petitioner's attempted Hobbs Act robbery does not qualify as a 'crime of violence' under 18 U.S.C. § 924(c)." (*Id.* at 5.) |

The Government filed a Response asserting that Claim One lacks merit, but conceding that Rhodes is entitled to relief with respect to Claim Two and requests a resentencing. For the reasons set forth below, the § 2255 Motion will be DENIED with respect to Claim One and will be GRANTED with respect to Claim Two.

I. PROCEDURAL HISTORY

Rhodes was charged in a Criminal Information in the United States District Court for the District of Colorado with the Hobbs Act robbery of B.B. at the Old Chicago restaurant in

---

[1] The Court employs the pagination assigned by CM/ECF docketing system to the parties' submissions. The Court corrects the capitalization, punctuation, and spelling in the quotations from the parties' submissions.

Colorado Springs, Colorado (Count One) and the discharge of a firearm in relation to a crime of violence, to wit, the crime charge in Count One (Count Two). ("Colorado Information," ECF No. 1-1.) On November 29, 2021, pursuant to Federal Rule of Criminal Procedure 20, Rhodes consented to transfer of the Colorado Information to this Court for the purposes of entering a plea. (ECF No. 1.)

On December 3, 2021, Rhodes was charged, in this Court, in a one-count Criminal Information with the Hobbs Act robbery of L.W. and D.B., employees of Colonial Downs Group, LLC. ("Virginia Information," ECF No. 2.)

On December 15, 2021, Rhodes entered into a Plea Agreement and agreed to plead guilty to both counts in the Colorado Information and the one count in the Virginia Information. (ECF No. 16 ¶ 1.) Although Count One of the Colorado Information charged Rhodes with a Hobbs Act robbery, the Government apparently concedes that the Statement of Facts and the actual facts of that crime, only support a charge of attempted Hobbs Act robbery. (ECF No. 42, at 2, 7; *see* ECF No. 17 ¶¶ 2, 3, 7.) As part of the Plea Agreement, the parties agreed to recommend a sentence of 300 months of imprisonment. (ECF No. 16 ¶ 4.)

The Court sentenced Rhodes to 480 months of imprisonment, consisting of 240 months on Count One of the Virginia Information, 240 months of imprisonment on Count One of the Colorado Information, to run concurrent with Count One of the Virginia Information, and 240 months of imprisonment on Count Two of the Colorado Information, to run consecutive to Count One of the Virginia Information and Count One of the Colorado Information. (ECF No. 30, at 2.)

## II. ANALYSIS

### A. Claim One Lacks Merit

In Claim One, Rhodes contends that his sentence of twenty years of imprisonment on Count Two of the Colorado Information "exceeds the statutory maximum of ten 10 years." (ECF No. 39, at 4.) Count Two charged Rhodes with discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). That provision, provides in pertinent part:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
> . . .
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of **not less than 10 years**.

18 U.S.C. § 924 (emphasis added). The "unstated statutory maximum [for this offense] is life in prison." *United States v. Gamboa*, 439 F.3d 796, 811 (8th Cir. 2006). Thus, Rhodes's sentence of 240 months for that offense did not exceed the statutory maximum. Accordingly, Claim One lacks merit and will be DISMISSED.

### B. Rhodes Is Entitled to Relief on Claim Two.

The Supreme Court has held that attempted Hobbs Act does not qualify as a crime of violence sufficient to support a conviction 18 U.S.C. § 924(c). *United States v. Taylor*, 596 U.S. 845, 851 (2022). The Government concedes and the Court agrees that attempted Hobbs Act robbery is not a crime of violence, so Rhode's conviction and sentence on Count Two of the Colorado Information must be vacated.

## III. CONCLUSION

The § 2255 Motion (ECF No. 39) will be DENIED with respect to Claim One and GRANTED with respect to Claim Two. Claim One will be DISMISSED. Rhodes's Motion to Present (ECF No. 43) for the decision on his § 2255 Motion will be DENIED. The Clerk will be DIRECTED to appoint counsel for Rhodes. Within fifteen (15) days of the date of entry hereof, counsel for the Government and counsel for Rhodes shall CONTACT the Court to set the matter for resentencing. Rhodes will REMAIN confined on Count One of the Virginia Information and Count One of the Colorado Information. The Clerk will be DIRECTED to TRANSMIT a copy of the Memorandum Opinion and Order to the United States Probation Office. The United States Probation Office will be DIRECTED to prepare a revised Presentence Investigation Report for the forthcoming resentencing.

An appropriate order will accompany this Memorandum Opinion.

Let the Clerk file a copy of this Memorandum Opinion electronically and send a copy to Rhodes and counsel of record.

/s/
David J. Novak
United States District Judge

Alexandria, Virginia
Date: October 29, 2024